IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Marina Inn @ Grande Dune, LLC, | ) | CIVIL ACTION NUMBER: |
| | ) | 4:08-cv-03459-TLW |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **THIRD-PARTY DEFENDANT** |
| | ) | **WORSHAM SPRINKLER CO., INC.'S** |
| HKS, inc., Schmidt & Stacy Consulting | ) | **ANSWER TO THIRD-PARTY PLAINTIFF** |
| Engineers, Inc. and Dunn Southeast, Inc. | ) | **DUNN SOUTHEAST, d/b/a R.J. GRIFFIN** |
| d/b/a/ R.J. Griffin & Company, | ) | **AND COMPANY'S THIRD-PARTY** |
| Defendants, | ) | **COMPLAINT** |
| | ) | |
| Dunn Southeast, Inc. d/b/a R.J. Griffin and | ) | |
| Company, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Acosta Mechanical, Inc., KT Holdings, | ) | |
| Inc., Travelers Casualty and Surety | ) | |
| Company of America, The Circle Group, | ) | |
| LLC, the Hanover Insurance Company, | ) | |
| Palmetto Waterproofing, LLC, | ) | |
| Pennsylvania National Mutual Casualty | ) | |
| Insurance Company, Architectural Railings | ) | |
| & Grilles, Inc., First Sealord Surety, Inc, | ) | |
| Worsham Sprinkler Co., Inc., Safeco | ) | |
| Insurance Company of America, Rice | ) | |
| Planter Carpets n/k/a Creative Touch | ) | |
| Interiors, Finish Works, Inc., Dixie Paint | ) | |
| Company, Inc. and Coatings 2000, | ) | |
| | ) | |
| Third-Party Defendants | ) | |
| | ) | |

TO: STEPHEN M. COX, ESQUIRE, COUNSEL FOR THIRD-PARTY PLAINTIFF:

Third-Party Defendant Worsham Sprinkler Co., Inc. ("Worsham"), reserving the right to file a motion under Rule 12 of the South Carolina Rules of Civil Procedure or any other

Dispositive motion, responds to the Third-Party claims of Defendant Dunn Southeast, Inc. d/b/a R.J. Griffin and Company by the denying each and every allegation not hereinafter specifically admitted, by demanding strict proof there of, and by further responding as follows:

**FOR A FIRST DEFENSE AND BY WAY OF ANSWER**

1. The allegations of Paragraphs 1 through 16 are not directed to Worsham and, therefore, requires no response by Worsham. However, to the extent Paragraphs 1 through 16 infer or impute any liability to Worsham, those allegations are denied.

2. Answering Paragraph 17, Worsham restates and reasserts its responses and defenses asserted in Paragraphs 1 through 16 of Third-Party Plaintiff's Complaint.

3. The allegations of Paragraphs 18 through 20 are not directed to Worsham and, therefore, requires no response by Worsham. However, to the extent Paragraphs 18 through 20 infer or impute any liability to Worsham, those allegations are denied.

4. Answering Paragraph 21, Worsham restates and reasserts its responses and defenses asserted in Paragraphs 1 through 20 of Third-Party Plaintiff's Complaint.

5. The allegations of Paragraphs 22 through 25 are not directed to Worsham and, therefore, requires no response by Worsham. However, to the extent Paragraphs 22 through 25 infer or impute any liability to Worsham, those allegations are denied.

6. Answering Paragraph 26, Worsham restates and reasserts its responses and defenses asserted in Paragraphs 1 through 25 of Third-Party Plaintiff's Complaint.

7. Allegations of Paragraph 27 are not directed to Worsham and, therefore, requires no response by Worsham. However, to the extent Paragraph 27 infers or imputes any liability to Worsham, those allegations are denied.

8. Answering Paragraph 28, Worsham restates and reasserts its responses and defenses asserted in Paragraphs 1 through 27 of Third-Party Plaintiff's Complaint.

9. The allegations of Paragraphs 29 and 30, are not directed to Worsham and, therefore, requires no response by Worsham. However, to the extent Paragraphs 29 and 30 infer or impute any liability to Worsham, those allegations are denied.

10. The allegations of Paragraphs 31 through 50 are not directed to Worsham and, therefore, requires no response by Worsham. However, to the extent Paragraphs 31 through 50 infer or impute any liability to Worsham, those allegations are denied.

11. Answering Paragraph 51, Worsham restates and reasserts its responses and defenses asserted in Paragraphs 1 through 50 of Third-Party Plaintiff's Complaint.

12. The allegations of Paragraphs 52 through 62 are not directed to Worsham and, therefore, requires no response by Worsham. However, to the extent Paragraphs 52 through 62 infer or impute any liability to Worsham, those allegations are denied.

13. Upon information and belief, Worsham admits the allegations of Paragraphs 63 and 64.

14. The allegations of Paragraphs 65 through 86 are not directed to Worsham and, therefore, requires no response by Worsham. However, to the extent Paragraphs 65 through 86 infer or impute any liability to Worsham, those allegations are denied.

15. Worsham admits the allegations of Paragraph 87.

16. Worsham admits that it entered into a contract with Dunn Southeast, Inc. d/b/a R.J. Griffin and Company to perform work on this project, and craves reference to the contract as the best evidence of its terms and conditions, and denies any allegations of Paragraph 88 that are inconsistent with the terms of the contract entered into between the parties.

17. The allegations of Paragraph 89 through 98 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 89 through 98 infer or impute any liability to Worsham, those allegations are denied.

18. Answering Paragraph 99, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 98 of Third-Party Plaintiff's Complaint.

19. The allegations of Paragraph 100 through 103 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraph 100 through 103 infer or impute any liability to Worsham, those allegations are denied.

20. Answering Paragraph 104, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 103 of Third-Party Plaintiff's Complaint.

21. The allegations of Paragraphs 105 and 106 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 105 thorough 106 infer or impute any liability to Worsham, those allegations are denied.

22. Answering Paragraph 107, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 106 of Third-Party Plaintiff's Complaint.

23. The allegations of Paragraphs 108 through 110 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 108 thorough 110 infer or impute any liability to Worsham, those allegations are denied.

24. Answering Paragraph 111, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 110 of Third-Party Plaintiff's Complaint.

25. The allegations of Paragraphs 112 through 116 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 112 thorough 116 infer or impute any liability to Worsham, those allegations are denied.

26. Answering Paragraph 117, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 116 of Third-Party Plaintiff's Complaint.

27. The allegations of Paragraphs 118 through 121 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 118 through 121 infer or impute any liability to Worsham, those allegations are denied.

28. Answering Paragraph 122, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 121 of Third-Party Plaintiff's Complaint.

29. The allegations of Paragraphs 123 through 125 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 123 through 125 infer or impute any liability to Worsham, those allegations are denied.

30. Answering Paragraph 126, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 125 of Third-Party Plaintiff's Complaint.

31. The allegations of Paragraphs 127 through 131 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 127 through 131 infer or impute any liability to Worsham, those allegations are denied.

32. Answering Paragraph 132, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 131 of Third-Party Plaintiff's Complaint.

33. The allegations of Paragraphs 133 through 136 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 133 through 136 infer or impute any liability to Worsham, those allegations are denied.

34. Answering Paragraph 137, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 136 of Third-Party Plaintiff's Complaint.

35. The allegations of Paragraphs 138 through 140 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 138 through 140 infer or impute any liability to Worsham, those allegations are denied.

36. Answering Paragraph 141, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 140 of Third-Party Plaintiff's Complaint.

37. The allegations of Paragraphs 142 through 146 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 142 through 146 infer or impute any liability to Worsham, those allegations are denied

38. Answering Paragraph 147, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 146 of Third-Party Plaintiff's Complaint.

39. The allegations of Paragraphs 148 through 151 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 148 through 151 infer or impute any liability to Worsham, those allegations are denied

40. Answering Paragraph 152, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 151 of Third-Party Plaintiff's Complaint.

41. The allegations of Paragraphs 153 through 155 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 153 through 155 infer or impute any liability to Worsham, those allegations are denied

42. Answering Paragraph 156, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 155 of Third-Party Plaintiff's Complaint.

43. The allegations of Paragraphs 157 through 161 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 157 through 161 infer or impute any liability to Worsham, those allegations are denied.

44. Answering Paragraph 162, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 161 of Third-Party Plaintiff's Complaint.

45. The allegations of Paragraphs 163 through 166 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 163 through 166 infer or impute any liability to Worsham, those allegations are denied.

46. Answering Paragraph 167, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 166 of Third-Party Plaintiff's Complaint.

47. The allegations of Paragraphs 168 through 170 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 168 through 170 infer or impute any liability to Worsham, those allegations are denied.

48. Answering Paragraph 171, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 170 of Third-Party Plaintiff's Complaint.

49. Worsham admits that it entered into a contract with Dunn Southeast, Inc. d/b/a R.J. Griffin and Company to perform work on this project, and craves reference to the contract as the best evidence of its terms and conditions, and denies any allegations of Paragraph 172 that are inconsistent with the terms of the contract entered into between the parties.

50. Paragraph 173 purports to set forth a legal conclusion which requires no response from Worsham. To the extent s response is required, those allegations are denied.

51. Worsham denies the allegations of Paragraph 174.

52. Worsham denies the allegations of Paragraph 175.

53. Worsham denies the allegations of Paragraph 176.

54. Answering Paragraph 177, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 176 of Third-Party Plaintiff's Complaint.

55. In response to the allegations of Paragraph 178, Worsham craves referemce to the subject contract and denies any allegations in Paragraph 178 inconsistent with the terms of the contract entered into between the parties.

56. Worsham denies the allegations of Paragraph 179.

57. Worsham denies the allegations of Paragraph 180.

58. Worsham denies the allegations of Paragraph 181.

59. Answering Paragraph 182, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 181 of Third-Party Plaintiff's Complaint.

60. Worsham denies the allegations of Paragraph 183.

61. Worsham denies the allegations of Paragraph 184.

62. Worsham denies the allegations of Paragraph 185.

63. Answering Paragraph 186, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 185 of Third-Party Plaintiff's Complaint.

64. The allegations of Paragraphs 187 through 191 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 187 through 191 infer or impute any liability to Worsham, those allegations are denied.

65. Answering Paragraph 192, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 191 of Third-Party Plaintiff's Complaint.

66. The allegations of Paragraphs 193 through 196 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 193 through 196 infer or impute any liability to Worsham, those allegations are denied.

67. Answering Paragraph 197, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 196 of Third-Party Plaintiff's Complaint.

68. The allegations of Paragraphs 198 through 200 are directed to other Defendants and, therefore, requires no response by Worsham.  However, to the extent Paragraphs 198 through 200 infer or impute any liability to Worsham, those allegations are denied.

69. Answering Paragraph 201, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 200 of Third-Party Plaintiff's Complaint.

70. The allegations of Paragraphs 202 through 206 are directed to other Defendants and, therefore, requires no response by Worsham.  However, to the extent Paragraphs 202 through 206 infer or impute any liability to Worsham, those allegations are denied.

71. Answering Paragraph 207, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 206 of Third-Party Plaintiff's Complaint.

72. The allegations of Paragraphs 208 through 211 are directed to other Defendants and, therefore, requires no response by Worsham.  However, to the extent Paragraphs 208 through 211 infer or impute any liability to Worsham, those allegations are denied.

73. Answering Paragraph 212, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 211 of Third-Party Plaintiff's Complaint.

74. The allegations of Paragraphs 213 through 215 are directed to other Defendants and, therefore, requires no response by Worsham.  However, to the extent Paragraphs 213 through 215 infer or impute any liability to Worsham, those allegations are denied.

75. Answering Paragraph 216, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 215 of Third-Party Plaintiff's Complaint.

76. The allegations of Paragraphs 217 through 221 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 217 through 221 infer or impute any liability to Worsham, those allegations are denied.

77. Answering Paragraph 222, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 221 of Third-Party Plaintiff's Complaint.

78. The allegations of Paragraphs 223 through 226 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 223 through 226 infer or impute any liability to Worsham, those allegations are denied.

79. Answering Paragraph 227, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 226 of Third-Party Plaintiff's Complaint.

80. The allegations of Paragraphs 228 through 230 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 228 through 230 infer or impute any liability to Worsham, those allegations are denied.

81. Answering Paragraph 231, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 230 of Third-Party Plaintiff's Complaint.

82. The allegations of Paragraphs 232 through 236 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 232 through 236 infer or impute any liability to Worsham, those allegations are denied.

83. Answering Paragraph 237, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 236 of Third-Party Plaintiff's Complaint.

84. The allegations of Paragraphs 238 through 241 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 238 through 241 infer or impute any liability to Worsham, those allegations are denied.

85. Answering Paragraph 242, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 241 of Third-Party Plaintiff's Complaint.

86. The allegations of Paragraphs 243 through 245 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 243 through 245 infer or impute any liability to Worsham, those allegations are denied.

87. Answering Paragraph 246, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 245 of Third-Party Plaintiff's Complaint.

88. The allegations of Paragraphs 247 through 250 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 247 through 250 infer or impute any liability to Worsham, those allegations are denied.

89. Answering Paragraph 251, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 250 of Third-Party Plaintiff's Complaint.

90. The allegations of Paragraphs 252 through 254 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 252 through 254 infer or impute any liability to Worsham, those allegations are denied.

91. Answering Paragraph 255, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 254 of Third-Party Plaintiff's Complaint.

92. The allegations of Paragraphs 256 through 258 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 256 through 258 infer or impute any liability to Worsham, those allegations are denied.

93. Answering Paragraph 259, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 258 of Third-Party Plaintiff's Complaint.

94. The allegations of Paragraphs 260 through 262 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 260 through 262 infer or impute any liability to Worsham, those allegations are denied.

95. Answering Paragraph 263, Worsham restates and reasserts its responses and defenses to Paragraphs 1 through 262 of Third-Party Plaintiff's Complaint.

96. The allegations of Paragraphs 264 through 266 are directed to other Defendants and, therefore, requires no response by Worsham. However, to the extent Paragraphs 264 through 266 infer or impute any liability to Worsham, those allegations are denied.

97. Worsham denies Third-Party Plaintiff is entitled to the relief sought in its prayer for relief.

**FOR A SECOND DEFENSE**

98. The Third-Party Complaint fails to set forth sufficient facts to constitute a cause of action and, therefore, should be dismissed pursuant to Rule 12(b)(6), SCRCP.

**FOR A THIRD DEFENSE**

99. Even if this Defendant was negligent in any respect, which is expressly denied, and such conduct operated as a proximate cause of Third-Party Plaintiff's injuries, if any, which is expressly denied, this Defendant alleges the Third-Party Plaintiff's negligent, grossly negligent, reckless, willful, and wanton conduct contributed more than fifty percent (50%) to the cause of the accident, and therefore, Plaintiff's claims are barred.

**FOR A FOURTH DEFENSE**

100. Even if this Defendant was negligent in any respect, which is expressly denied, and even if such conduct on the part of this Defendant operated as a greater than fifty percent (50%) cause of Third-Party Plaintiff's injuries, if any, which is also denied, this

Defendant is entitled to a determination as to the percentage which Third-Party Plaintiff's negligent, grossly negligent, reckless, willful, and wanton conduct contributed to Third-Party Plaintiff's accident and resulting injuries, if any, and to a reduction of any amount awarded to the Plaintiff by an amount equal to the percentage of Third-Party Plaintiff's own negligence.

## FOR A FIFTH DEFENSE

101. Such injuries or losses as Third-Party Plaintiff sustained, if any, were caused by the contributory negligence, carelessness, recklessness, willfulness, and wantonness of the Third-Party Plaintiff, and this Defendant pleads the Third-Party Plaintiff's contributory negligence as a complete defense to this action.

## FOR A SIXTH DEFENSE

102. Any injuries sustained by the Third-Party Plaintiff were due to and caused by the intervening and superseding acts of negligence, carelessness, recklessness, and gross negligence on the part of third persons as a proximate cause of injuries as alleged, if any, and therefore, this Defendant should not be liable to the Third-Party Plaintiff in any sum whatsoever.

## FOR A SEVENTH DEFENSE

103. Any injuries or damages sustained by the Plaintiff were due to and caused and occasioned by Third-Party Plaintiff's own negligence, gross negligence, recklessness, willfulness, and wantonness which was the direct and proximate cause of Third-Party Plaintiff's alleged injuries or damages, if any, and without which the same would not have occurred, and therefore, due to Third-Party Plaintiff's sole negligence, gross

negligence, recklessness, willfulness, and wantonness, Third-Party Plaintiff's claims are barred.

### FOR AN EIGHTH DEFENSE

104. Any injuries sustained by the Third-Party Plaintiff were due to and caused by the sole negligence of third persons over whom this Defendant had no control, and therefore, this Defendant should not be liable to the Third-Party Plaintiff in any sum whatsoever.

### FOR A NINTH DEFENSE

105. Third-Party Plaintiff's claims may be barred by the doctrine of estoppel.

### FOR A TENTH DEFENSE

106. Third-Party Plaintiff's claims may be barred or otherwise reduced due to Third-Party Plaintiff's failure to mitigate damages as required by law.

### FOR AN ELEVENTH DEFENSE

107. Third-Party Plaintiff's claims may be barred by the doctrine of laches.

### FOR A TWELFTH DEFENSE

108. This Defendant asserts that some or all of the claims against this Defendant are barred by applicable statutes of limitation or statutes of repose.

### FOR A THIRTEENTH DEFENSE

109. Third-Party Plaintiff's claims may be barred by the doctrine of waiver.

### FOR A FOURTEENTH DEFENSE

110. Punitive damages, as currently awarded in South Carolina, are violative of the United States Constitution and South Carolina Constitution, as well as the holding of *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003), and the cases upon which it is based.

**FOR A FIFTEENTH DEFENSE**

111. Pursuant to *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 522 U.S. 424, 121 S.Ct. 1678 (2001), if punitive damages are recoverable, which is denied, the amount of punitive damages "[are] not really a fact tried by the jury" therefore Plaintiff's request for punitive damages "to be determined by the jury" violates the United States Constitution.

**FOR A SIXTEENTH DEFENSE**

112. The U.S. Constitution's Due Process Clause "forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly [do not] represent," *Phillip Morris USA v. Williams*, 127 S.Ct. 1057, 1063 (U.S. 2007), and, therefore, to the extent that Plaintiff seeks an award of punitive damages for potential or speculative harm to non-parties to the present action, such prayer for relief is unconstitutional and must be struck from the pleadings and is otherwise inadmissible at trial.

**FOR A SEVENTEENTH DEFENSE**

113. Notwithstanding Defendant's prior defenses incorporating *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 522 U.S. 424 (2001) and *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003), and the cases upon which they are based, in the event the trial court permits the jury to return a punitive damages award in the instant case, such damages are to be limited to an amount that is no greater than the jury's award of actual damages, as explicated within *Exxon Shipping Company v. Baker*, 128 S. Ct. 2605 (2008).

**FOR AN EIGHTEENTH DEFENSE**

114. That the final completion and acceptance of the work undertaken by this defendant pursuant to the original complaint, if any, and all modifications thereto constitutes a complete defense to all claims asserted by Third-Party Plaintiff.

**FOR A NINETEENTH DEFENSE**

115. If the Plaintiff's allegations are true, which is denied, the Third-Party Plaintiff is a tortfeasor and is therefore not entitled to contractual or equitable indemnity.

**FOR A TWENTIETH DEFENSE**

116. This Defendant specifically reserves any additional and/or affirmative defenses as may be available to it or revealed to it during the course of the investigation and/or discovery in this case.

WHEREFORE, Defendant Ridge Pest Control respectfully requests that:

1. Plaintiff takes nothing by this action;

2. A judgment of dismissal be entered in favor of Defendant.

**SIGNATURE PAGE FOLLOWS**

                    Respectfully submitted,
                    COLLINS & LACY, P.C.


By:   s/Claude T. Prevost, III
       JOSEPH S. MCCUE (Bar # 6890)
       CLAUDE T. PREVOST, III (Bar # 10438)
       1330 Lady Street, Sixth Floor (29201)
       Post Office Box 12487
       Columbia, South Carolina 29211
       (803) 256-2660
       (803) 771-4484 (f)

       ATTORNEYS FOR THIRD-PATTY
       DEFENDANT WORSHAM SPRINKLER
       CO., INC.

Columbia, South Carolina

June 12, 2009