## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | | |
|---|---|---|
| Marina Inn @ Grande Dunes, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 4:08-cv-03459-TLW |
| | ) | |
| HKS, Inc., Schmidt & Stacy Consulting | ) | |
| Engineers, Inc. and Dunn Southeast, Inc. | ) | |
| d/b/a R.J. Griffin & Company, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| Dunn Southeast, Inc., d/b/a R.J. Griffin | ) | |
| and Company, | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Acosta Mechanical, Inc., KT Holding, Inc., | ) | |
| Travelers Casualty and Surety Company | ) | |
| of America, The Circle Group, LLC, the | ) | |
| Hanover Insurance Company, Palmetto | ) | |
| Waterproofing, LLC, Pennsylvania | ) | |
| National Mutual Casualty Insurance | ) | |
| Company, Architectural Railings & Grilles, | ) | |
| Inc., First Sealord Surety, Inc., Worsham | ) | |
| Sprinkler Co., Inc. Safeco Insurance | ) | |
| Company of America, Rice Planter | ) | |
| Carpets a/k/a Creative Touch Interiors, | ) | |
| Finish Works, Inc., Dixie Paint Company, | ) | |
| Inc. and Coatings 2000, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| _____ | ) | |

# ORDER

Plaintiff Marina Inn @ Grande Dunes, LLC, ("plaintiff") filed this action on October 13, 2008. (Doc. # 1). Defendant HKS, Inc., ("defendant") filed a motion for partial summary judgment on February 15, 2010. (Doc. # 101). Plaintiff filed a response in opposition, (Doc. # 109), and a cross motion for partial summary judgment, (Doc. # 110), on March 18, 2010. Defendant filed a response in opposition to the cross motion for partial summary judgment on March 29, 2010. (Doc. # 117). Plaintiff filed a Reply on April 6, 2010. (Doc. # 129). The Court has carefully considered the motions, memoranda, and exhibits submitted by the parties. The Court has evaluated the relevant facts from the record presented by the parties, and drawn all reasonable factual inferences in favor of the non-moving party as to each respective motion for partial summary judgment.

## SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), a party is entitled to summary judgment if the pleadings, responses to discovery, and the record reveal that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial responsibility of informing this Court of the basis for its motion. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This requires the movant to identify those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the

absence of genuine issues of material fact. <u>Celotex</u>, 477 U.S. at 323; <u>see also Anderson</u>, 477 U.S. at 249.

Though the moving party bears this initial responsibility, the nonmoving party must then produce "specific facts showing that there is a genuine issue for trial." Fed R. Civ. P. 56(e); <u>see Celotex</u>, 477 U.S. at 317. In satisfying this burden, the nonmoving party must offer more than a mere "scintilla of evidence" that a genuine issue of material fact exists, <u>Anderson</u>, 477 U.S. at 252, or that there is "some metaphysical doubt" as to material facts. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). Rather, it must produce evidence on which a jury could reasonably find in its favor. <u>See Anderson</u>, 477 U.S. at 252.

In considering the motions for partial summary judgment, this Court construes all facts and reasonable inferences in the light most favorable to the nonmoving party. <u>See Miltier v. Beorn</u>, 869 F.2d 848 (4th Cir. 1990). Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." <u>Matsushita</u>, 475 U.S. at 587 (1986) (internal quotations omitted).

## <u>DISCUSSION</u>

Defendant seeks partial summary judgment on the issue of damages. It asserts that, pursuant to the applicable contract provisions, the liability of Defendant for negligence or errors/omissions is limited to One Million Dollars ($1,000,000.00). Defendant argues that the contract is clear and specific as to this issue, and under South Carolina law, such a limitation is enforceable.

In Plaintiff's cross-motion for partial summary judgment, it asserts that, as a matter of law, the clear intent of the parties as expressed in the contract was to limit Defendant's liability

for simple negligence to any insurance policy limits available to cover the relevant loss. Additionally, Plaintiff asks this Court to enter summary judgment stating that, as a matter of law, the limitation found in the contract does not apply if Defendant is found to have been grossly negligent. Plaintiff asserts that the contract language clearly supports its position. Finally, Plaintiff asserts that the $1,000,000.00 in insurance referenced by Defendant refers to the minimum amount of insurance Defendant was required to obtain. Plaintiff argues that the parties agreed that Defendant would not be subject to liability in excess of the coverage provided by whatever insurance policy limit it obtained, unless Defendant failed to obtain the $1,000,000.00 minimum in insurance coverage.

After reviewing the evidence and caselaw presented by both parties, this Court cannot conclude at this time that the applicable contract language is not ambiguous. While caselaw has been cited noting the permissibility of contractual provisions limiting liability, no case has been presented before this Court where a state court interpreted a contract similar to the contract present in this case. Moreover, additional factual determinations may be necessary regarding gross negligence or fraud, in light of the contract provisions cited by the parties.

Finally, this Court notes that neither motion for partial summary judgment is dispositive of an entire claim. As such, it may be inappropriate for this Court to address the motions on their merits. See Greene v. Life Care Ctrs., Inc., 586 F.Supp.2d 589 (D.S.C. 2008) ("A party is simply not entitled to summary judgment if the judgment would not be dispositive of an entire claim." Id. at 594 (quoting Evergreen Int'l v. Marinex Const. Co., 477 F.Supp.2d 697, 698-99 (D.S.C. 2007)). See also Mathewson v. Lincoln Nat'l Life Ins. Co., 518 F.Supp.2d 657, 659-60 (D.S.C. 2007) (The plaintiff's motion for partial summary judgment "seeking a determination that [the

defendant's] interpretation of the insurance policies is incorrect as a matter of law, but not attempting to dispose of any particular claim in its entirety," is denied "because it is an improper usage of Rule 56 of the Federal Rules of Civil Procedure."); <u>Felix v. Sun Microsystems, Inc.</u>, 2004 WL 911303 (D.Md. 2004) ("A party is simply not entitled to summary judgment if the judgment would not be dispositive of an entire claim." (citing <u>City of Wichita v. United States Gypsum Co.</u>, 828 F.Supp. 851, 869 (D. Kan. 1993)); <u>Arado v. Gen. Fire Extinguisher Corp.</u>, 626 F.Supp. 506, 509 (N.D. Ill. 1985)).

## <u>CONCLUSION</u>

For the reasons set forth herein, Plaintiff and Defendant's motions for partial summary judgment are **DENIED**. (Docs. # 101 and # 110).

**IT IS SO ORDERED**.

s/Terry L. Wooten<br>
TERRY L. WOOTEN<br>
United States District Judge

May 3, 2010
Florence, South Carolina